IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:04CR227 |
| ) | |
| v. ) | |
| ) | |
| DANIEL RODGERS, ) | MEMORANDUM AND ORDER |
| ) | |
| Defendant. ) | |
| ) | |

    This matter is before the court on defendant's objection, Filing No. 34, to the report and recommendation of the United States Magistrate Judge ("magistrate"), Filing No. 33. The magistrate recommended that defendant's motion to suppress evidence, Filing No. 23, be denied. Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report or recommendations to which the parties object. Accordingly, the court has reviewed the record and briefs, including the transcript of the hearing on the motion. The court concludes that the defendant's objections should be overruled and that the report and recommendation of the magistrate should be adopted in its entirety.

    The defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The facts are adequately set out in the magistrate's report and recommendation and need not be fully repeated here. Briefly, the record shows that the defendant, Daniel Rodgers ("Rodgers"), who was a passenger in a vehicle, was arrested after a legitimate traffic stop. The circumstances leading to his arrest included the search of a green nylon bag that was located in the back seat of the vehicle. Although the government asserted the search was supported by consent and probable cause as well

as concern for officer safety, the magistrate found only that the search was supported by the officer's reasonable fear for his safety.  Filing No. 33 at 8.

Rodgers objects to several of the magistrate's factual and legal conclusions.  The court has reviewed Rodgers's objections and finds they lack merit.  In the report and recommendation, the magistrate rejected the government's argument that the driver had consented to a search of the entire car.  The magistrate found that the driver's consent related only to his belongings.  *Id.* at 6.  Other factual disputes are of no consequence to the magistrate's analysis of the officer safety issue.

The court agrees with the magistrate's assessment.  Importantly, the testimony of Deputy Whitlow establishes that pursuant to a limited consensual search, Officer Whitlow had observed ammunition in the trunk of the vehicle.  Deputy Whitlow also testified that Rodgers appeared to be under the influence of drugs.  Deputy Whitlow testified that he was concerned about the presence of a weapon.  The initial search of the green bag is justified by Deputy Whitlow's testimony that he picked up the green bag to see if a firearm was inside as a matter of officer safety.  There has been no suggestion that the officer's concerns were either not credible or unreasonable.

Exigent circumstances exist to justify a warrantless search where law enforcement officers have a legitimate concern for the safety of themselves or others. *United States v. Janis*, 387 F.3d 682, 687 (8th Cir. 2004); *United States v. Vance*, 53 F.3d 220, 222 (8th Cir. 1995).  The analysis of whether this exception to the warrant requirement has been made out is an objective one "focusing on what a reasonable, experienced police officer would believe." *United States v. Kuenstler*, 325 F.3d 1015, 1019 (8th Cir. 2003).

The court finds that a reasonable officer in Deputy Whitlow's position would have been legitimately concerned for his safety and that of the other officer. A reasonable officer would have concluded under the circumstances that it was likely that a weapon was in the vehicle since ammunition had been observed. It was reasonable to assume that a firearm was concealed in the bag. Accordingly, the court finds the defendant's objections should be overruled and the report and recommendation of the magistrate should be adopted in its entirety.

IT IS ORDERED:

1. Defendant's objections, Filing No. 34, to the magistrate's report and recommendation are overruled;

2. The report and recommendation of the magistrate, Filing No. 33, is adopted; and

3. Defendant's motion to suppress, Filing No. 23, is denied.

DATED this 1st day of June, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE